THOMAS SOLMER (SBN 291191)
ts@solmerlaw.com
SOLMER LAW CORPORATION
4000 Barranca Pkwy. Ste 250
Irvine, California 92604
Telephone: (714) 794-8558

Attorney for Plaintiff
ARMIN SAHEBJJAMEI

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| ARMIN SAHEBJJAMEI, an individual,<br><br>Plaintiff,<br><br>v.<br><br>TESLA MOTORS, INC.; a corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 2:24-cv-04220-WLH-PD<br>*(Assigned to: Honorable Wesley L. Hsu)*<br><br>**JOINT REPORT OF THE PARTIES PURSUANT TO RULE 26**<br><br>Los Angeles County Superior Court Case No. 24STCV10256<br><br>*Complaint Filed: April 24, 2024* |

**TO THE HONORABLE COURT:**

Plaintiff Armin Sahebjjamei and Defendant Tesla Motors, Inc., through their undersigned counsel, hereby respectfully submit this report of the parties' conference pursuant to Fed. R. Civ. P. 26(f), including the proposed discovery plan.

1.      Counsel for the parties have been in regular contact since the filing of this matter to discuss the factual and legal issues, including several discussions by telephone. Counsel arranged and held a phone conference on June 6, 2024 specifically for the purpose of discussing a discovery plan and general case management.

2.    Plaintiff alleges that Defendant wrongfully terminated his employment because of an illness.  Plaintiff seeks monetary damages as well as equitable relief (declaratory and injunctive).  Plaintiff executed an arbitration agreement in connection with his employment with Defendant.  Defendant contends that all of Plaintiff's claims are subject to the arbitration agreement.  Plaintiff contends that the requests for declaratory and injunctive relief are not subject to arbitration but does not contest the applicability of the arbitration agreement to his claims for damages.

3.    The parties are engaged in selecting an arbitrator and counsel have been conferring in efforts to resolve the equitable claims.  A request to stay this action for 120 days to facilitate those efforts has been filed.

4.    Early, informal resolution of the equitable claims may best be expedited by limited informal discovery.  Plaintiff has identified to Defendant the specific documents sought which would be sufficient for purposes of the ongoing negotiations.

5.    Because this matter will principally be decided in arbitration, and because counsel are in agreement on disclosures to be made at this time, the parties agree that initial disclosures pursuant to Rule 26(a)(1) are not appropriate in this action.  The parties agree that formal discovery should proceed only if any of Plaintiff's claims are held exempt from arbitration, and that Defendant may seek such a determination after the conclusion of the 120-day stay, if the claims for which arbitrability is disputed have not been resolved within that time.

6.    The parties do not otherwise request changes to the timing or form of disclosures as required under Rule 26(a).

7.    If the equitable claims remain before this Court, discovery may be needed on Defendant's policies relating to sick leave, Covid-19 accommodation of medical conditions and/or disabilities, and related documents.  Discovery should be conducted first with regard to general policy documentation and then proceed to evidence of how the policies have been implemented in specific circumstances.

///

8.      There are no known concerns about the production of electronically stored information.

9.      There are no known concerns about claims of privilege.  Potentially, Defendant may assert attorney work-product privilege as to evidence of how the policies at issue were adopted, but these issues should be resolvable by well-established principles.

10.     There are no other proposed limitations on discovery, except that discovery relevant to Plaintiff's claims for damages will proceed within the pending arbitration.


DATED: June 13, 2024                    SOLMER LAW CORPORATION

                                        By: ____/s/_____
                                        Thomas E. Solmer
                                        Attorney for Plaintiff Armin Sahebjjamei


DATED: June 13, 2024                    TESLA MOTORS, INC.

                                        By: ____/s/_____
                                        Aaron D. Langberg
                                        Attorney for Defendant
                                        TESLA MOTORS, INC.

JOINT REPORT OF THE PARTIES PURSUANT TO RULE 26

**JUDGE WESLEY L. HSU**
**SCHEDULE OF PRETRIAL AND TRIAL DATES WORKSHEET**

*Please complete this worksheet jointly and file it with your Joint Rule 26(f) Report.*
*The Court __ORDERS__ the parties to make every effort to agree on dates.*

| Case No. | | Case Name: | |
|---|---|---|---|

| Trial and Final Pretrial Conference Dates | | Parties' Joint Date mm/dd/yyyy | Court Order |
|---|---|---|---|
| Check one: ☐ Jury Trial  or ☒ Court Trial ☐ Magistrate Judge (**_Monday_ at 9:00 a.m. within 12 months of Scheduling Conference**) Estimated Duration:        3-4   Days | | 05/05/2025 | ☐ Jury Trial ☐ Court Trial |
| Final Pretrial Conference ("FPTC") [L.R. 16] (**_Friday_ at 3:00 p.m. at least 18 days before trial**) | | 04/18/2025 | |

| Event [1] **Note:** Hearings shall be on **_Fridays_** at 1:30 pm Other dates can be any day of the week | Weeks Before FPTC[2] | Parties' Joint Date mm/dd/yyyy | Court Order |
|---|---|---|---|
| Last Date to <u>Hear</u> Motion to Amend Pleadings / Add Parties [Friday] | | 08/23/2024 | |
| Fact Discovery Cut-Off (No later than deadline for filing dispositive motion) | 18 | 12/06/2024 | |
| Expert Disclosure (Initial) | 16 | 12/20/2024 | |
| Expert Disclosure (Rebuttal) | 14 | 01/10/2025 | |
| Expert Discovery Cut-Off | 14 | 01/10/2025 | |
| Last Date to <u>Hear</u> Motions • Rule 56 Motion due at least 6 weeks before hearing; • Opposition due 2 weeks after Motion is filed before hearing; • Reply due 1 week after Opposition is filed | 12 | 01/24/2025 | |
| Last Day to <u>Hear</u> *Daubert* Motions | 8 | 02/21/2025 | |
| Deadline to Complete Settlement Conference [L.R. 16-15] _Select_ one: ☐ 1. Magistrate Judge (*with Court approval*) ☐ 2. Court's Mediation Panel ☒ 3. Private Mediation | 5 | 03/14/2025 | ☐ 1. Mag.J. ☐ 2. Panel ☐ 3. Private |
| **Trial Filings (first round)** • Motions *In Limine* (except *Daubert*) • Memoranda of Contentions of Fact and Law [L.R. 16-4] • Witness Lists [L.R. 16-5] • Joint Exhibit List [L.R. 16-6.1] • Joint Status Report Regarding Settlement • Proposed Findings of Fact and Conclusions of Law [L.R. 52] (court trial only) • Declarations containing Direct Testimony, if ordered (court trial only) | 4 | 03/21/2025 | |
| **Trial Filings (second round)** • Oppositions to Motions in Limine • Joint Proposed Final Pretrial Conference Order [L.R. 16-7] • Joint/Agreed Proposed Jury Instructions (jury trial only) • Disputed Proposed Jury Instructions (jury trial only) • Joint Proposed Verdict Forms (jury trial only) • Joint Proposed Statement of the Case (jury trial only) • Proposed Additional Voir Dire Questions, if any (jury trial only) • Evidentiary Objections to Declarations of Direct Testimony (court trial only) | 2 | 04/04/2025 | |

[1]  Once issued, this "schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).
[2]  The numbers below represent the Court's recommended timeline. The parties may propose alternate dates based on the needs of each individual case. Class Actions and ERISA cases may need to vary from the above.